IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**MILTON TUTWILER,**                                                          **PLAINTIFF,**

**VS.**                                         **CIVIL ACTION NO. 2:06CV59-P-A**

**THE PROGRESSIVE INSURANCE
COMPANY, TAMMY KING, AND
JOHN DOES 1-10,**                                                **DEFENDANTS.**

## ORDER OF REMAND

This matter comes before the court upon Plaintiff's Motion to Remand [13-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

On February 16, 2006, the plaintiff filed the instant suit arising from an automobile collision in the Second Judicial District of the Circuit Court of Bolivar County, Mississippi. The first defendant, Progressive, was served with the Complaint on March 2, 2006. The defendants removed this action on April 10, 2006, arguing the presence of diversity jurisdiction because the plaintiff improperly joined the Mississippi resident Tammy King as a defendant. On May 10, 2006, the plaintiff filed a motion to remand asserting *inter alia* that he had a reasonable possibility of recovery against Tammy King, therefore the doctrine of improper joinder is inapplicable. In their response, the defendants argue that there is no such reasonable possibility of recovery from Tammy King because the plaintiff rear-ended King during the collision between the plaintiff, King, and the subject tractor-trailer rig.

The burden in this case is upon the defendants to persuade the Court of fraudulent joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id*. Furthermore, when dealing with a fraudulent joinder claim the court should not focus on who will ultimately

1

prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). Indeed, when moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that all of the resident defendants are indeed residents of Mississippi, the second test applies in the instant case.

With respect to the second method for establishing fraudulent joinder, the following test applies: "If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313, F.3d 305, 312 (5th Cir. 2002) (emphasis in *Travis*; internal citations and quotations omitted).

What is more, the Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

The plaintiff is correct that Mississippi has declined to adopt a *per se* rule of negligence in rear-end collisions. *See* Miss. Code Ann. § 63-3-707; *White v. Miller*, 513 So.2d 600, 601 (Miss. 1987); *Dean v. Dendy*, 253 So.2d 813 (Miss. 1971). After reading the aforementioned authorities and resolving any legal ambiguities in the plaintiff's favor, the court concludes that there is a reasonable possibility of recovery against Tammy King for comparative negligence.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand [13-1] is **GRANTED**; therefore,

(2) This action is **REMANDED** to the Second Judicial District of the Circuit Court of Bolivar County, Mississippi from whence it came; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 20th day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE